UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HEDEEN & COMPANIES,

        Plaintiff,

v.                                               Case No. 11-C-518

HASBRO, INC.,

        Defendant.

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Defendant Hasbro Inc. (Hasbro's) motion for summary judgment. Oral arguments on the motion were held on January 23, 2012. Plaintiff, Hedeen & Companies (Hedeen) asserts in its complaint that Hasbro breached the terms of a 1992 license agreement and a 1994 settlement agreement by failing to pay royalties on sales of toy blasters and foam darts recently offered for sale by Hasbro. For purposes of its summary judgment motion, Hasbro did not dispute Hedeen's assertion that the current product for sale (the N-Strike blaster) is identical to the Sharp Shooter product Hasbro agreed to pay royalties on in Paragraph Three of the Settlement Agreement. Hasbro instead argued that the name change alone was enough, on summary judgment, to say the new product unambiguously and clearly did not violate the terms of the Settlement Agreement.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that

it is entitled to summary judgment. *Id.* at 323. Once this burden is met, the nonmoving party must designate specific facts to support or defend its case. *Id.* at 322–24. In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The mere existence of some factual dispute does not defeat a summary judgment motion, however; there must be a genuine issue of material fact for the case to survive. *Id.* at 247–48.

According to Hasbro, the language of the Settlement Agreement and Consent Decree is clear and unambiguous and there are no material facts in dispute. Hasbro thus contends it is entitled to summary judgment as a matter of law. As mentioned at the hearing, however, Hasbro's reading of the Settlement Agreement is too narrow. Hasbro would have this Court say that a name change could have gone into effect the day after the Settlement Agreement was signed and Hasbro would be free to market this identical product, one day later, under its new name. At the very least, the contract is ambiguous as to whether it would allow such action to avoid further royalty payments to Hedeen. To be sure, the Settlement Agreement specifically names the product for which Hasbro agreed to continue paying royalties. But the Agreement does not say that Hasbro can avoid paying royalties by simply changing the name of the product it was selling.

A name is generally used to signify an underlying reality – in this case, a product. Did Hasbro agree to pay royalties on sales of the product or only on sales of the product bearing the name "Nerf Sharp Shooter?" I find the record insufficiently clear to award summary judgment to Hasbro. Given Hasbro's concession, at least for purposes of the present motion, that "the same gun referred to in Paragraph 3 of the Settlement Agreement is now sold under the name N-Strike" (Statement No. 40), its motion for summary judgment will be denied.

I note, however, that for purposes of this motion, Defendant stipulated to a narrow set of facts and premises (that the N-Strike blaster did not differ in any material way, other than name, from the original Sharp Shooter). On the basis of those narrow facts before the Court, Defendant's motion is denied. However, based on other statements made at the motion hearing, it appears Defendant may be able to supplement its motion with additional facts and/or provide the Court with other bases upon which summary judgment could be granted. This decision is in no way intended to foreclose those options. Nevertheless, as the record now stands, Defendant's motion for summary judgment is DENIED.

Dated this   23rd   day of January, 2012.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge